UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In the matter of<br><br>CERTAIN BLUE-RAY DISC PLAYERS, COMPONENTS THEREOF AND PRODUCTS CONTAINING SAME<br><br>WALKER DIGITAL, LLC,<br><br>　　　　　　　Complainant,<br>　　v.<br><br>FUNAI ELECTRIC CO., LTD., *et al.*<br><br>　　　　　　　Respondents. | Case No.: CV 12-80137<br><br>**ORDER DENYING REQUEST FOR COMMISSION**<br><br>**(Re: Docket No. 1)** |

Complainant Walker Digital ("Walker") requests this court to issue a certified commission that appoints and authorizes any consular officer at the United States Consulate General at Osaka-Kobe, Japan, to administer any necessary oaths and to take deposition testimony of certain corporate representatives of Respondents Sony Corporation, Sony Computer Entertainment Inc., Sony Corporation of America, Sony Electronics Inc., and Sony Computer Entertainment America, LLC (collectively "Sony"), Panasonic Corporation and Panasonic Corporation of North America

1

1  (collectively "Panasonic"), and Pioneer Corporation and Pioneer Electronics (USA) Inc.
2  (collectively "Pioneer"), on or about July 2nd-13th, 2012. This request is undertaken as part of a
3  proceeding now pending before the International Trade Commission ("ITC") in Washington, D.C.
4  Walker's request is unopposed by the other parties to the ITC proceeding, and enjoys the further
5  support of presiding Administrative Law Judge E. James Gildea's recommendation. Walker cites a
6  number of district court precedents issuing such a commission, including one such precedent from
7  the Northern District of California.

8  The court appreciates the urgency of Walker's request. The court also appreciates the
9  authority of a district court to issue such a commission pursuant to the U.S.-Japan Treaty and the
10 All Writs Act. But the court continues to struggle to understand the particular jurisdiction of this
11 court, as opposed to the United States District Court for the District of Columbia or some other
12 court with at least some geographic or other nexus to the underlying proceeding, to issue the
13 requested commission. The court notes that the overwhelming number of similar recommendations
14 for a commission published by the ITC are directed to the District of Columbia district court, and
15 that the only apparent connection between the Northern District of California and the underlying
16 case is the location of the offices of Walker's counsel. Even after a telephonic hearing yesterday,
17 during which the court voiced this particular concern and invited a written submission explaining
18 this district's jurisdiction, and even after it has spent many hours searching for such authority on its
19 own, the court cannot identify any authority providing jurisdiction.

20 Without any disregard or disrespect intended towards the requesting party, and certainly the
21 esteemed presiding judge of the ITC, the court must decline Walker's request. Federal courts are
22 courts of limited jurisdiction, and must always be mindful not to exercise their jurisdiction where
23 unwarranted.[1] This denial is without prejudice to Walker's renewing its request with a citation to at
24 least some authority explaining how the Northern District of California has the jurisdiction to act.

---

[1] A federal court has an independent duty to assess whether federal subject matter jurisdiction exists, whether or not the parties raise the issue. *See United Investors Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 967 (9th Cir. 2004) (stating that "the district court had a duty to establish subject matter jurisdiction over the removed action *sua sponte*, whether the parties raised the issue or not"); *accord Rains v. Criterion Sys., Inc.*, 80 F.3d 339, 342 (9th Cir. 1996). Federal district courts are courts of limited jurisdiction that "may not grant relief absent a constitutional or valid statutory grant of jurisdiction," and "[a] federal court is presumed to lack jurisdiction in a particular

2
Case No.: CV 12-80137
**ORDER DENYING REQUEST FOR COMMISSION**

**IT IS SO ORDERED.**

Dated: June 20, 2012

_____
PAUL S. GREWAL
United States Magistrate Judge

---

case unless the contrary affirmatively appears." A–Z *Int'l v. Phillips*, 323 F.3d 1141, 1145 (9th Cir. 2003) (citations and quotation marks omitted). The court must *sua sponte* dismiss a case for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action."); *see also Scholastic Entmt., Inc. v. Fox Entmt. Group, Inc.*, 336 F.3d 982, 989 (9th Cir. 2003) ("We determine that subject matter jurisdiction is lacking and that the district court did not violate [party's] due process rights by *sua sponte* dismissing the claims.").

3

Case No.: CV 12-80137
**ORDER DENYING REQUEST FOR COMMISSION**